# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

G.M. SIGN, INC., an Illinois corporation,
individually and as the representative of a
class of similarly situated persons,

      Plaintiff,

          v.

STEVE STERGO d/b/a STERGO
ROOFING,

      Defendant.

No. 09 C 4764
Judge James B. Zagel

## CORRECTED
## MEMORANDUM OPINION AND ORDER

## I. BACKGROUND

Plaintiff filed a three-count complaint against Defendant alleging violation of federal and state statutory law and common law. In its complaint, Plaintiff alleges that Defendant sent an unsolicited facsimile ("fax") advertisement to Plaintiff and the class of potential plaintiffs it seeks to represent. This advertisement was a one-page solicitation for business and included a "remove" number – a telephone number that could be called to stop the receipt of future advertisements. Count I of the complaint claims that Defendant's alleged sending of a fax advertisement violated the federal Telephone Consumer Protection Act 47 U.S.C § 227 ("TCPA"). In Count II Plaintiff states a common law claim for conversion. Finally, Count III claims a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). The complaint was properly removed to Federal Court, and Defendant now moves to dismiss Counts II and III of the complaint pursuant to Federal Rule 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. In ruling on such a motion, I accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002). To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That said, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Count Two of the Complaint

Defendant argues that Count Two should be dismissed for two reasons: (1) because Plaintiff is unable to allege that Defendant exercised dominion or control over its property; and (2) because Plaintiff is unable to allege that it suffered anything more than trivial inconvenience or expense.

To state a claim for conversion under Illinois law, a plaintiff must allege: (1) unauthorized and wrongful control, dominion, or ownership by defendant over plaintiff's property; (2) plaintiff's right in the property; (3) plaintiff's absolute and unconditional right to the

immediate possession of the property; and (4) a demand for possession of the property. *General Motors Corp. v. Douglass*, 565 N.E.2d 93, 97 (Ill.App.Ct. 1990). Plaintiff's conversion claim is based on the allegation that Defendant, by sending an unsolicited fax, converted the toner and paper in its fax machine for Defendant's own use. Plaintiff alleges that it, and other potential class members, had "an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time"; that by sending unsolicited faxes, Defendant deprived Plaintiff and other class members of "the use of the fax machines, paper, toner, and employee time"; that Defendant knew or should have known that its misappropriation of the fax machines, toner and paper was wrong and without authorization; and that Plaintiff and other class members suffered damages as a result of Defendant's actions.

Defendant argues that the sender of a fax does not gain control of the receiver's property because the paper, toner, and all functions of the recipient's fax machine remain in control of the recipient. Defendant states that because conversion requires "some assumption of control over the Plaintiff's property" the mere act of sending a fax cannot be a conversion of property. Additionally, Defendant argues that there can be no conversion of Plaintiff's employees' time because conversion involves only tangible property.

As an initial matter, Plaintiff's assertion that Defendant converted Plaintiff's employees' time fails under a conversion theory as "a person's time is not a chattel over which plaintiff had the immediate and unconditional right to possess." *Stonecrafters, Inc. v. Foxfire Printing and Packaging, Inc.*, 633 F.Supp.2d 610, 613 n1 (N.D. Ill. 2009). Plaintiff does however sufficiently allege Defendant's conversion of its property despite the fact that the paper and toner were never physically possessed by Defendant. Under Illinois law and the Restatement (Second) of Torts, a

tort for conversion can arise from "any material alteration in characteristics to chattel."

*R.Rudnick & Co. v. G.F. Protection, Inc.*, No. 08 C 1856, 2009 WL 112380, at *3 (N.D. Ill. Jan. 15, 2009); *See Loman v. Freeman*, 890 N.E.2d 446 (Ill. 2008); Restatement (Second) of Torts § 226 ("One who intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character is subject to liability for conversion to another who is in possession of the chattel or entitled to its immediate possession.").  Although Defendant relies on *Rossario's Fine Jewelry v. Paddock Publications, Inc.* 443 F.Supp.2d 976, 980 (N.D. Ill. 2006) (when defendant never came into possession of plaintiff's ink, toner and paper, finding that defendant "assumed control, dominion or ownership over the property" would be "stretch[ing] that language beyond its normal meaning") it ignores the contradictory and more recent holdings of *Stonecrafters*, 633 F.Supp.2d at 613 ("material alteration of a chattel can constitute conversion, even if the defendant never took actual possession of the chattel"), *Centerline Equipment Corp. v. Banner Personnel Service, Inc.*, 545 F.Supp.2d 768, 782 (N.D. Ill. 2008) (defendant's assertion that it cannot be liable for conversion because it never physically possessed paper, ink and toner is "contrary to Illinois law"), and *R.Rudnick & Co.,* 2009 WL 112380, at *3 (defendant's physical possession of the paper, ink and toner is not material because there was a "material alteration in characteristics" to the chattel).  As has been noted by the Illinois Appellate Court, conversion does not center on the "acquisition by the wrongdoer, but a wrongful deprivation of the owner thereof." *Jensen v. Chi. & W. Ind. RR.*, 419 N.E.2d 578, 593 (Ill.App.Ct. 1981).  A reading of the Complaint reveals that Plaintiff has specifically alleged that it was deprived of paper and toner because of Defendant's sending of an unauthorized fax.  As acknowledged in *Centerline*, "once paper has an advertisement printed upon it, it is no longer

useable for other purposes, nor can the ink be recovered for reuse." 545 F.Supp.2d at 782.

Therefore, Defendant's argument that he could not have taken possession or exercised control

over Plaintiff's property by sending a fax fails.

Defendant next argues that Plaintiff's conversion claim must fail because it is unable to

allege anything more than a trivial inconvenience or expense. The doctrine of *de minimus non*

*curate lex*, or "the law doesn't concern itself with trifles," is well established in the courts.

*Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007); *Wis. Dep't of Revenue*

*v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231(Wis. 1992). The application of this principle to

cases such as this has been discussed in numerous court opinions, many of which have been cited

to by the parties.[1]

Before a plaintiff can validly represent a class, he must have a valid cause of action.

*Chambers v. Am. Trans. Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994). "Cumulative allegations of

a putative class cannot be used to prop up an otherwise trivial claim that is unable to stand on its

own." *Stonecrafters*, 633 F.Supp.2d at 614. Defendant argues that the doctrine of *de minimus*

*non curat lex* applies to this case explaining that Plaintiff's claim based on the sending of one fax

advertisement does not rise to the level of 'seriousness' required by Illinois law and that it cannot

aggregate alleged damaged to other potential members of a class to meet this burden. Plaintiff

responds by arguing that because Illinois law allows for the recovery of nominal damages for the

tort of conversion, the *de minimis* doctrine does not apply. The question of whether or not the *de*

---

[1] Defendant relies in great part on Nevada Supreme Court case *Edwards v. Emperor's Garden Restaurant*, 130 P.3d 1280 (Nv. 2006). I do not address this case however, because I find sufficient discussion of the issues presented by this motion within opinions from within this District, as well as in Illinois law.

*minimis* doctrine can be applied to the tort of conversion under Illinois law has been discussed in this District with conflicting results.

In *Rossario's*, the court dismissed the plaintiff's conversion and noted that the *de minimis* doctrine "might well have been coined for this occasion." *Rossario's*, 443 F.Supp.2d at 980. Subsequently in *Centerline*, a different Judge rejected *Rossario's* conclusion in a nearly identical case and held that "Illinois law does not require application of the *de minimis* rule to class conversion claims founded upon very small individual losses, so long as those losses can plausibly be inferred to be substantial in the aggregate." *Centerline*, 545 F.Supp.2d at 782. In *Centerline*, the Judge reasoned that while an individual claim for the loss of a single piece of paper might be negligible, a "a class claim could be more substantial." *Id*. This reasoning may not however, take into account that *before* a plaintiff may represent a class, it must have a valid cause of action within its own right.[2] *Stonecrafters*, 633 F.Supp.2d at 614. In light of *Stonecrafters*, Plaintiff's conversion claim must be sufficient to stand alone, and the estimated damages for potential class members cannot be aggregated to assist Plaintiff in sufficiently pleading its claim.

A third Judge declined to extend the *de minimus* doctrine in a nearly identical case to the case at bar. *R. Rudnick*, 2009 WL 112380 at *3-4. In *R.Rudnick,* the defendant argued that Section 222A of the Restatement (Second) Torts[3] supported the contention that because only a

---

[2] One can easily imagine a case in which unwanted faxes cause the loss of over a hundred sheets of paper and a lot of ink as happened to a dear friend of mine some years ago.

[3] The Restatement states that a conversion "seriously interferes with the right of another to control it [the chattel] that the actor may justly be required to pay the other the full value of the chattel."

few pieces of paper and a bit of ink were involved, there could be no "serious interference", an argument Defendant in this case adopts. *R. Rudnick*, 2009 WL 112380 at *3. In that case, the court determined that Section 222A refers to the degree of loss of the use of the chattel, not the value of the chattel itself. Therefore, Section 222A would not require that the chattel have a substantial value, only such complete interference that full compensation of the chattel be required. *Id*. at *3. The court concluded that because the paper and toner used in the printing of the advertisement was a total loss, and because Illinois allows nominal damages in conversion actions, the *de minimis* doctrine had no applicability. *Id*. at *3-4.

The question has split our Court, two Judges on each side. Most recently, Judge Kapala, whose expertise in Illinois law was acquired during his tenure on both the Illinois Circuit Court and the Illinois Appellate Court, added to the discussion in *Stonecrafters* where he dismissed the plaintiff's conversion claim based on the *de minimus* nature of the plaintiff's injury. 633 F.Supp.2d at 613. There too, the plaintiff's complaint involved the unsolicited receipt of a fax advertisement. In that case, however, Judge Kapala determined that although nominal damages are at times appropriate in a conversion action, the existence of nominal damages does not in itself invalidate the applicability of the *de minimis* doctrine. In *Stonecrafters*, the court noted that the plaintiff's damages, (as set forth in its complaint) were "minuscule to the point of nonexistent." *Id*. (citing *Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007). There, as in this case, plaintiff alleged that it lost paper and toner as a result of defendant's alleged actions.[4] Judge Kapala distinguished situations where nominal damages are appropriate

---

[4] Here, Plaintiff alleges that it lost a single piece of paper and an unspecified amount of toner as a result of Defendant's alleged actions. Plaintiff asks this Court to award "appropriate damages."

because a conversion caused significant injury[5] and where a plaintiff suffers "only negligible damages from the beginning."[6]  *Id.* at 615.  Judge Kapala found that this distinction was supported in *Illinois Education v. Illinois Federation of Teachers*, 437 N.E.2d 1265 (Ill.App.Ct. 1982) which is relied upon by the *Centerline* court.  *Stonecrafters*, 633 F.Supp.2d at 615.  In *Illinois Education*, although the $1,378.50 which was converted had been returned to the plaintiff, nominal damages were still warranted because of the severity of the offense. Accordingly, Judge Kapala concluded "[T]herefore, the principle that a claim of sufficient gravity may be entitled to nominal damages, as stated in *Illinois Education*, does not provide support for the *Centerline* court's conclusion that the *de minimis* doctrine is not applicable to conversion claims."  *Id.*

Recognizing  *R. Rudnick* and *Centerline*, and acknowledging that Illinois law allows for nominal damages in conversion actions, I am persuaded by Judge Kapala's reasoning.  I respectfully conclude that given the inconsequential amount of paper and toner that was converted in this case, Plaintiff's conversion claim is barred by the *de minimis* doctrine. Although Section 222A addresses the loss of the chattel, and not the value of the chattel itself, it

---

[5] Judge Kapala uses an example wherein an antique coin collection is taken from a plaintiff, but later returned to the plaintiff unharmed.  *Stonecrafters*, 633 F.Supp.2d at 614-15. Although plaintiff might be unable to prove any damages resulting from the temporary loss of the collection, nominal damages are still appropriate because of the significance of the injury while the coins were with the defendant.  *Id.*

[6] Judge Kapala uses as an example a situation wherein a defendant takes a notebook and pen from a plaintiff without permission, uses the pen and one sheet of paper from the notebook, and then returns the remainder of the supplies (the pen and notebook) back to plaintiffs. *Stonecrafters*, 633 F.Supp.2d at 615.  In that case, Judge Kapala reasoned that the *de minimis* doctrine should apply despite the plaintiff's claim for conversion because the claim for the loss of the ink and sheet of paper is merely trifling.  *Id.*

is a circumstance such as this one that the doctrine of *de minimis* is intended to address. It is not disputed that Plaintiff lost paper and toner. However the miniscule value of these chattels persuades me that this claim cannot stand. The TCPA provides a cause of action for the grievance alleged in this conversion claim, and Plaintiff has invoked this federal statute accordingly in its first claim. Therefore, Defendant's motion to dismiss the conversion count is granted.

### B. Count Three of the Complaint

In Count Three of its complaint, Plaintiff alleges that Defendant's actions amounted to an "unfair practice" in violation of the ICFA, 815 Ill. Comp. Stat. 505/2. To state a cause of action under the ICFA a plaintiff must allege (1) an unfair or deceptive act or practice by the defendant; (2) defendant's intent that plaintiff rely on the deception; and (3) the deception occurred in the course of conduct involving trade and commerce. *Connick v. Suzuki Motor Company*, 675 N.E.2d 584, 593 (Ill. 1996).

Defendant asserts that Plaintiff cannot state a cause of action under the ICFA because sending a fax advertisement is not an "unfair practice" within the meaning of the ICFA and because Plaintiff does not, and cannot, allege that Defendant intended the sending of the fax to be an unfair practice. Because I find that Defendant's conduct does not constitute an unfair practice, I do not reach the question of intent.

In the complaint, Plaintiff asserts that Defendant's sending of an unsolicited fax is an unfair practice because it violates public policy, it forced Plaintiff to "incur expenses without consideration in return," and it forced Plaintiff to pay for Defendant's advertising campaign. To determine whether Defendant's alleged conduct constitutes an unfair practice, I must apply the

test set forth by the Illinois Supreme Court in *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). In its unfairness analysis the Court considered the following three factors: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Id.* The Illinois Supreme Court noted that "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.* at 418 (quoting *Cheshire Mortgage Service, Inc., Montes*, 612 A.2d 1130, 1143 (Conn. 1992)).

Defendant does not appear to contest that the alleged sending of unsolicited faxes violates public policy. Indeed, accepting as true that Defendant did send an unsolicited fax advertisement, as I must at this stage, such a practice is in violation of federal law under the TCPA and Illinois law 720 Ill. Comp. Stat. 5/26-3. Accordingly, I find that the public interest factor weighs in favor of Plaintiff.

I next turn to the second factor in the 'unfair practice' analysis which is whether an act is immoral, unethical, oppressive or unscrupulous. Conduct is oppressive only if it imposes a lack of meaningful choice or an unreasonable burden on its target. *Centerline*, 545 F.Supp.2d at 780. There has been disagreement among courts in this district as to whether or not a fax advertisement such as the one alleged in the complaint should be considered oppressive. In *Centerline*, the court found the practice to be oppressive, noting that it deprives the recipients of choice because they could only avoid such faxes by turning off their fax machines. *Centerline*, 545 F.Supp.2d at 780. In that case, Judge Pallmeyer noted the tension in this district pointing to the court's finding in *Western Ry. Devices Corp. v. Lusida Rubber Products, Inc.* No. 07 C 2973, 2006 WL 1697119 (N.D.Ill. June 13, 2006) that a similar practice was non-oppressive because

the sender included a "remove" number on the fax.  In *R.Rudnick* and *Sadowski v. Medi Online LLC*, however, the court found that despite defendant's inclusion of a "remove" number, plaintiff was nonetheless deprived of any meaningful choice of whether to receive the original fax. *R.Rudnick*, 2009 WL 112380 at *2; *Sadowski*, 2008 WL 2224892 at*6-7.  In *Stonecrafters*, Judge Kapala agreed that sending an unsolicited fax advertisement deprives consumers of meaningful choice, regardless of the presence of a 'remove' number, because the only method of avoiding the receipt of such faxes is to turn off their fax machine.  Despite this finding, Judge Kapala found that the small burden imposed on the plaintiff because of the fax was in no way unreasonable.  *Id*. at 616.  I agree with the conclusions in *Stonecrafters* and *Lusida* and conclude that Defendant's conduct was not oppressive.  Furthermore, I do not find that Defendant's conduct fits within the definition of immoral, unethical, or unscrupulous.  *See Stonecrafters*, 633 F.Supp.2d at 616.  Accordingly I conclude that the second *Robinson* factor does not support Plaintiff's claim.

The third *Robinson* factor examines the injury faced by consumers and asks whether the alleged conduct "causes substantial injury to consumers."  *Robinson*, 775 N.E.2d at 961.  "A practice causes substantial injury to consumers if it causes *significant* harm to the plaintiff and has the potential to cause injury to a large number of consumers."  *Stonecrafters*, 633 F.Supp.2d at 617 (emphasis added) (citing *Wilson v. Harris N.A.*, No. 06 C 5840, 2007 WL 2608521, at *8 (N.D. Ill. Sept. 4, 2007) (internal citations and quotations omitted)).  Applying this test here, I am unpersuaded that the cost of a single printed advertisement rises to the level of a *significant* harm.  To be certain, Plaintiff has incurred a nominal expense, however, this sheet of paper cannot be considered a substantial harm.  *See Stonecrafters*, 633 F.Supp.2d at 617.

It is true that very small individual harms may be considered substantial if they are "part of a practice that, in the aggregate, causes substantial losses to the public as a whole." *Centerline*, 545 F.Supp.2d at 780. For example, in *People ex rel v. Hartigan v. Stianos,* Defendant was charged with charging sales tax in excess of the amount authorized by law over a period of several weeks. 475 N.E.2d 1024 (Ill.App.Ct. 1985). Here the court acknowledged that even though the per-customer overcharge was small, the aggregate to the public at large was substantial. *Id.* at 581. Following this reasoning, the court in *Centerline* concluded that the aggregate sending of "mass broadcast[s]" of unsolicited fax advertisements to at least forty people in Illinois was adequate to constitute substantial harm. *Centerline*, 545 F.Supp.2d at 781. *See also Green v. Anthony Clark Intern. Ins. Brokers, Ltd*, No. 09 c 1541, 2009 WL 2515594 at *5 (N.D. Ill. Aug. 17, 2009) ; *Sadowski*, 2008 WL 2224892 at *8. In *Stonecrafters* however, the court failed to find significant harm even in aggregate. There, plaintiff proposed a class of "thousands" who were damaged by defendant's alleged sending of a fax advertisement. *Stonecrafters*, 633 F.Supp.2d at 617. Accordingly, the court assumed damages of two pennies per person ($0.02) to compensate for paper and toner converted in the receipt of the unsolicited papers. *Id.* Given the slight damages involved, the court concluded that the class would need to consist of 5,000 for the alleged harm to reach $100. *Id.* The court found that a finding of substantial injury was not plausible. *Id. See also Rossario's*, 443 F.Supp.2d at 979; *Lusida*, 2006 WL 1697119 at *6-7. Here, Plaintiff asserts its claims on behalf of itself and more than thirty-nine other potential class members. While there is no doubt that each potential class member incurred a small harm, even in the aggregate I am unpersuaded that Defendant's actions caused "substantial losses to the public as a whole." *Centerline*, 545 F.Supp.2d at 780. I therefore find that the third *Robinson* factor does not support Plaintiff's claim.

Although I have found that factor one of the *Robinson* test weighs in Plaintiff's favor, because I find that Plaintiff fails to meet the second and third criteria of that test, I find that Defendant's actions did not constitute an unfair practice and dismiss Plaintiff's Count Three.

## IV. CONCLUSION

For the foregoing reasons, I grant Defendant's motion to dismiss Plaintiff's Count II alleging conversion, and Count III alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. The remedy for the claimed damage here is to be found in federal law, not state law.

ENTER:

James B. Zagel
United States District Judge

DATE: December 23, 2009